DELFINA REBELO *vs.* ANTONIA R. CARDOSO *et al.*

MARCH 5, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

BAKER, J.   This bill in equity was brought by the complainant against several respondents to establish a constructive trust in realty and for other relief.   In the superior court demurrers to the bill were sustained solely on the ground that complainant should have proceeded by way of supplemental bill.   From the entry of a decree to that effect, the complainant duly prosecuted her appeal to this court.

The only question raised in this cause is one of pleading in equity.   The instant bill of complaint, which was filed February 8, 1952, prays that two of the respondents, Antonia R. and Jose R. Cardoso, husband and wife, be enjoined from selling, conveying, mortgaging, or otherwise encumbering a certain parcel of real estate in the city of Central Falls in this state in which complainant claims to have an interest; that the real estate be held by such respondents charged with a trust in her favor; and that they be ordered to convey to her the legal title of an undivided one-half interest therein free of all encumbrances made by them. The bill also asks that respondents Cardoso account to complainant for the rents and profits of the real estate from June 10, 1935; that any balance in her favor be a charge

upon the undivided one-half interest of such respondents; and that a mortgage held by respondent Credit Union Central Falls be decreed to cover only the interest of respondents Cardoso in such property.

The present bill of complaint contains among others the following pertinent allegations: "8. On the 27th day of June, A. D. 1935, the Complainant brought her Bill of Complaint for relief against the Respondent, Antonia R. Cardoso, et al, which cause is on file in the records of this Court as Equity Number 13349. Thereafter, on the 4th, 9th, 10th and 11th days of December, A. D. 1935, the cause was heard on Motion, Bill, Answer and Proof by this Honorable Court." "10. No Final Decree was ever entered in said cause, but on the 6th day of October, A. D. 1949, a stipulation, 'Discontinued. No costs.' was entered in said cause signed by Attorneys for Complainants, and Respondents, and by a Justice of this Court. Filed with the papers in said case appears an extract from the stenographer's notes indicating an oral decision in said cause in favor of the Respondents. On June 21, 1950, there was filed in the papers in said cause a stipulation form signed by the Justice who heard the case reading, 'The record of 12/11/35 is amended by adding words "and decision for Respondent" '."

The demurrer filed by respondents Cardoso contains fourteen grounds and the one filed by respondent Credit Union Central Falls sets out three grounds. By filing these demurrers respondents admit, for the purpose of their disposition, the truth of those allegations of fact in the bill of complaint, which are well pleaded. After hearings on the demurrers the following decree was entered by the trial justice: "and it is hereby Ordered, Adjudged and Decreed that the Respondents' demurrers be, and the same hereby are, sustained upon the ground that the Complainant should have proceeded by way of Supplemental Bill, all other grounds of demurrer are overruled; and that, therefore, the Bill of Complaint be, and the same hereby is, dismissed."

The effect of such decree was to overrule all of the grounds contained in both demurrers and to sustain the demurrers solely on the above-mentioned ground, which does not appear specifically in either demurrer. The respondents took no appeal from the entry of the decree.

It is stated in 19 Am. Jur., Equity, §348, p. 242: "A supplemental bill is a pleading which is supplemental or additional to an original bill of complaint and which is filed in aid or support of the latter bill. Where it develops that the bill of complaint has a defect or insufficiency which cannot be cured by amendment, the complainant may properly resort to a supplemental bill." See also 1 Whitehouse Equity Practice, §133; 3 Bouvier's Law Dictionary, p. 3187. In making his rulings on the demurrers, the trial justice apparently took the view that complainant could not proceed properly under her present bill since he ordered it to be dismissed, but that she should bring a supplemental bill evidently as an addition to the original bill which, according to the allegations in the bill now before us, she had filed in 1935. Upon consideration it is our opinion that in so holding the trial justice was in error.

It is provided in general laws 1938, chapter 528, §11, that "No supplemental bill * * * shall be necessary in equity, but the superior court, by general rule or by special order, may provide for the introduction of any supplemental matter into the suit by way of addition to or amendment of the bill * * *." However, in *Boston & Providence R. R. v. New York & New England R. R.*, 12 R. I. 220, this court, in construing the scope and meaning of a statute similar to the above-quoted §11, stated at page 226: "But the law merely says that a supplementary bill shall not be, as heretofore, absolutely necessary. It may still in some cases be proper." Assuming that in proper circumstances the trial justice could approve the filing of a supplemental bill, it is clear that the filing of such a pleading presupposes that there is in existence a pending bill which requires an addition to

supply a defect in its frame or structure. It would appear that in this connection the trial justice had in mind a bill supplemental to the one filed by complainant in 1935, but in our judgment the allegations of the present bill, which are admitted by the demurrers, show that such earlier bill is no longer pending. Therefore it cannot be the basis or foundation necessary for the filing of a supplemental bill.

For example, in the paragraphs numbered 8 and 10 of the instant bill it appears that after the bill filed in 1935 was heard on its merits no final decree was ever entered, but that on October 6, 1949 stipulation signed by counsel for all parties and also by a justice of the superior court was filed marking such cause "Discontinued. No costs." Thereafter on June 21, 1950 a further stipulation was filed to the following effect: "The record of 12/11/35 is amended by adding words 'and decision for Respondent.'" However, in our opinion the addition of the above amendment did not change or alter the fact that in October 1949 the cause had been formally discontinued by agreement of the parties and with the consent of the court.

In *De Wolf* v. *Sprague Mfg. Co.*, 12 R. I. 133, which was an action at law, this court had occasion to refer to the result and effect of the discontinuance of such action. The following language appears at page 134: "It is objected that the discontinuance of an action, especially after it has been continued, is a judicial act and cannot be done without the intervention of the court. We do not see how, under the limitation suggested, it is any more a judicial act to discontinue than it is to commence or enter an action. It decides nothing; it simply remits the parties to the *status quo ante litem.* * * * So far as the plaintiff is concerned, the discontinuance is absolute. He can no longer prosecute the action against the defendant without first getting it reinstated. There is, therefore, no reason why he should not instantly be permitted to sue him *de novo.*" See also 27 C.J.S., Dismissal and Nonsuit, §2, p. 156. In our judg-

ment the same general principles of law apply to the discontinuance of an equity cause.

It seems clear therefore that the action of the parties terminated by discontinuance the cause started by the bill of complaint filed in 1935 and that no supplemental bill can now be filed by way of an addition or amendment thereto, which the trial justice indicated was complainant's proper procedure. It is our opinion that in the circumstances the ground relied on by the trial justice in sustaining the demurrers does not constitute a valid basis for that decision. Since all other grounds of demurrer were overruled, the instant bill stands as drawn and filed. The respondents of course will have an opportunity to present by pleading and evidence any defenses they may now have to the allegations of the present bill.

The complainant's appeal is sustained, the decree appealed from, so far as it sustains the respondents' demurrers and dismisses the bill of complaint, is reversed, and the cause is remanded to the superior court for further proceedings.

*Corcoran, Foley & Flynn, Francis R. Foley,* for complainant.

*Thomas F. Vance, Jr.,* for respondents.

*R. deB. LaBrosse,* for Credit Union Central Falls.